**JOHN SETEFANO, Plaintiff,**

**v.**

**HSAC LOGISTICS, INC. d.b.a. COLUMBUS LINE, Defendant.**

High Court of American Samoa
Trial Division

CA No. 07-04

December 14, 2004

Before RICHMOND, Associate Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Reginald E. Gates
 For Defendant, William H. Reardon

## ORDER GRANTING MOTION TO DISMISS

### Introduction

On January 26, 2004, Plaintiff John Setefano ("Plaintiff") filed an action against Defendant HSAC Logistics, Inc. d.b.a. Columbus Line ("Defendant") for breach of contract, negligence, and negligence with wanton disregard in relation to a shipping contract entered into between the parties to transport Plaintiff's vehicle from Seattle, Washington to Pago Pago, American Samoa. Plaintiff alleges that the parties entered into the contract in May 2002, and that Defendant breached the contract

on or about July 10, 2002, when it dropped and immersed in seawater the shipping container which contained the vehicle, rendering it useless.

On September 30, 2004, Defendant moved to dismiss the action in part because the bill of lading contained an express provision requiring all actions to be brought within one year, and similarly, because the Carriage of Goods by Sea Act ("COGSA"), which Defendant maintains governs the parties' agreement, likewise contains a one year statute of limitations period.

Having examined the bill of lading and applicable statutory authority, we grant Defendant's motion.

### Discussion

We begin by noting that Defendant correctly concludes that COGSA applies in this case. *See* 46 U.S.C. §§ 1300-1315. Section 1300 of the Act states that "[e]very bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of this chapter." Section 1312 of COGSA states that "foreign trade" within the meaning of the Act does not include carriage of goods between ports of the United States, its districts, territories, and possessions. Section 1312 states, however, that "any bill of lading or similar document of title which is evidence of a contract for the carriage by sea between such [domestic] ports, containing an express statement that it shall be subject to the provisions of this chapter, shall be subjected hereto as fully as if subject hereto by the express provisions of this chapter."

Because the vehicle shipment occurred domestically between a state and a territory within the United States, we must turn to the contract to determine COGSA applicability. Section 3(a) of the parties' bill of lading, entitled "Responsibility; Applicable Legislation" states in relevant part that "this Bill of Lading [is] subject to the provisions of any legislation compulsorily applicable to this Bill of Lading . . . which gives effect to the Hague Rules contained in the International Convention for the Unification of Certain Rules Relating to Bills of Lading, dated at Brussels, August 25, 1924, including specific adaptations thereof, such as the Carriage of Goods by Sea Act of the United States (hereinafter 'COGSA')." As COGSA would not be "compulsorily applicable" in a transaction as this one, wholly between ports of the United States within the meaning of the Act, then Section 3(a) is not alone an adequate provision that expressly expands COGSA beyond its general applicability to foreign trade.

■ However, Section 3(b) of the bill of lading states that "in the absence of compulsory applicable legislation/national law, the 'Hague Rules 1924' shall govern from the time received at the Port of Loading until the time delivered at the Port of Discharge. . . ." The bill of lading makes no earlier mention of the meaning of the quoted phrase "Hague Rules 1924" prior to section 3(b). Indeed, when the bill of lading first discusses the Hague Rules in section 3(a), it chose instead to combine both COGSA and the 1924 Hague Rules under the label "COGSA" when it states "hereinafter 'COGSA'." Yet, we interpret the language of section 3(b) incorporating the 1924 Hague Rules to signify an "express statement" of COGSA applicability within the meaning of section 1312, for, as we have noted in *Great American Ins. Co. v. The Vessel Pacific Princess n/k/a Pacific Islander, her engines, tackles, etc.*, 1 A.S.R.2d 64, 65-66 (Trial Div. 1982), COGSA is itself a domestic adoption of the 1924 Hague Rules, and therefore to delineate between the two would be to make a distinction without a difference. Indeed, under Article 3, Section 6 of the 1924 Hague Convention, "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." Section 1303 of COGSA, in turn, adopts the identical language, establishing the one-year statute of limitations period in the United States legislation. Consequently, under the express provision of section 3(b) of the bill of lading, COGSA, and its one year statute of limitations period, applies to this agreement for carriage of goods by sea from points wholly within the United States.

■ Having concluded that COGSA applies, we now turn to the enforceability of the statute of limitations period in this case. In *Great American Ins. Co.*, we examined a contract dispute for the carriage of goods by sea from Australia to Guam and the Northern Marianas seeking damages for chocolates, meats, and rice ruined during shipping. 1 A.S.R.2d at 65-66. Recognizing that the plaintiff's cause of action accrued sometime in June or July 1980 at the very latest, but that the plaintiff did not bring the action until a year and half later, we rejected the plaintiff's claim under COGSA for failure to bring its action within the one year statute of limitations period. *Id.* at 66. In arriving at this conclusion, we stated that "the limitations period must be strictly enforced. COGSA derives from the Hague Rules of 1921 approved by the Brussels Convention of 1922-24 and has been adopted by nearly every major shipping nation for the express purpose of providing uniformity in international law . . . . Courts have uniformly dismissed cases brought beyond the statutory period without regard to the carrier's lack of diligence or the merits of the claim." *Id.* at 65.

■ While this language would appear to end discussion on the matter and preclude Plaintiff's action, we noted in *Great American Ins. Co.*, that despite our view toward "strict enforcement," we recognize two

situations that allow a tolling of the one-year COGSA statute of limitations period. "The first is where the carrier actually promises the prospective plaintiff, unequivocally, that its claim would be paid and then fails to do so . . . . The second involves an agreement to extend the time for suit or which other encompasses consent to be sued beyond the statutory period." *Id.* at 66. While we are not aware of any evidence of the latter circumstance, Plaintiff states that he reasonably relied upon assurances of Defendant that his claim was being internally pursued. Because an alleged promise to examine and pursue the claim does not amount to an unequivocal promise to pay the claim, we cannot find that this qualifies to trigger a tolling of the limitations period. Therefore, Plaintiff is time barred for failing to raise his claim within one year.

■ Plaintiff argues that because Defendant did not raise COGSA as an affirmative defense, Defendant is barred from pursuing dismissal on these grounds in its current motion. We disagree. First, in its answer, Defendant raised as a defense "[a]ny claim of Plaintiff is limited by any agreement Plaintiff entered into with Defendant." We find this statement adequately incorporates the COGSA statute of limitations period as a defense. And second, even had Defendant failed to raise COGSA, we would have concluded that the applicability of COGSA does not turn on whether a party chooses to raise it in its pleadings, but on whether the bill of lading itself, the governing document, requires its application. Because we adhere to a policy of strict enforcement of the COGSA statute of limitations period when applicable, we cannot ignore the requirements of the bill of lading simply because a defendant did not discuss them in detail.

Finally, that section 18 of the bill of lading, entitled "notice of claim; time for suit" likewise expressly creates a contractual one year statute of limitations period only further supports our finding that Plaintiff is time barred from his current action.

### Order

Having found that Plaintiff has filed his cause of action after both the statutory and contractual statute of limitations period, as set forth in the bill of lading, have passed, we must grant Defendant's motion. This action is therefore dismissed. It is so ordered.